JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG AE BAEK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-06816-FLA (Ex)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On June 30, 2023, Plaintiff Kyung Ae Baek ("Plaintiff") initiated this action against Defendant Mercedes-Benz USA, LLC ("MBUSA" or "Defendant") and DOES 1 through 25 in the Los Angeles County Superior Court. Dkt. 1. Plaintiff asserts violations of the Song-Beverly Act and breach of warranty. *Id.*

On August 18, 2023, MBUSA removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NoR"). On August 23, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 8. Only MBUSA filed a response. Dkt. 13 ("Def. Resp."). In its response, MBUSA argues the amount in controversy exceeds $75,000 based on the stated purchase price of the

1

vehicle and further recovery of civil penalties. *Id.* at 6-7.

Having reviewed MBUSA's Notice of Removal and its response to this court's order to show cause, and for the following reasons, the court finds MBUSA fails to establish this court's jurisdiction and accordingly REMANDS the action.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

A notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in

controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

The issue here is whether the amount of money Plaintiff places in controversy is sufficient to invoke jurisdiction. Based on the evidence and allegations presented in the Notice of Removal and the response to the court's order to show cause, the court is not persuaded that MBUSA has carried its burden of showing, by a preponderance of the evidence, that the amount in controversy requirement has been met here.

### A. Actual Damages

The first remedy at issue is actual damages. Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as a mileage offset, reduces the buyer's recovery by an amount directly proportional to the number of miles driven, with each mile driven reducing the purchase price by 1/120,000. *See id.* § 1793.2(d)(2)(C).

Here, MBUSA argues Plaintiff's Complaint places $260,020.00 in controversy, based on the "stated value of the Subject Vehicle at the time of Plaintiff's purchase[.]" Def. Resp. at 4. Defendant attaches only a third-party report evidencing vehicle ownership history—to demonstrate the vehicle was purchased rather than leased—and an internal vehicle history report detailing the same. Def. Resp., Exs. A, B. Neither provides any evidence of the vehicle's purchase price. Additionally, neither Plaintiff nor MBUSA calculate any offset in the complaint or Notice of Removal, based on the mileage of the vehicle at the time Plaintiff first presented the vehicle for repair. MBUSA's assertion that the full value of the vehicle at the time of its purchase should serve as the benchmark for calculating Plaintiff's actual damages is alone insufficient to meet the amount in controversy requirement without adequate consideration of the vehicle offset.

3

### B. Civil Penalties

MBUSA's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). Instead, district courts regularly find that a Song-Beverly Act plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence."). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see Zawaideh v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption."); *see also Khachatryan*, 2021 WL 927266 at *2.

Here, MBUSA offers no argument or evidence supporting the potential awarding of civil penalties beyond stating that civil penalties "are not speculative" because the "very caption of the Complaint indicates Plaintiff seeks a civil penalty"

and "Plaintiff's prayer seeks 'any and all other remedies allowed pursuant to the [Song-Beverly Act],'" which inherently include civil penalties. Def. Resp. at 5–6. In fact, the Notice of Removal states "Plaintiff seeks civil penalties, but the demand for civil penalties is not elaborated upon[.]" MBUSA also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021 WL 2208578, at *2.

## CONCLUSION

For the aforementioned reasons, the court finds that MBUSA has failed to carry its burden in demonstrating the diversity jurisdiction amount in controversy requirement is met here. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 23STCV15352. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 14, 2023

                                            FERNANDO L. AENLLE-ROCHA
                                            United States District Judge